**XU XUI GAO, aka Xuxui Gao, aka
Xuesui Gao, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States
Attorney General, Respondent.**

**No. 12–4603.**

United States Court of Appeals,
Second Circuit.

May 30, 2014.

Gary J. Yerman, New York, NY, for
Petitioner.

Stuart F. Delery, Assistant Attorney
General; Cindy S. Ferrier, Assistant Di-
rector; Brendan P. Hogan, Office of Im-
migration Litigation, United States De-
partment of Justice, Washington, D.C., for
Respondent.

Present: JOHN M. WALKER, JR.,
REENA RAGGI, SUSAN L. CARNEY,
Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this
petition for review of a decision of the
Board of Immigration Appeals ("BIA"), it
is hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is
DENIED.

Xu Xui Gao, a native and citizen of
China, seeks review of an October 23,
2012, decision of the BIA denying his mo-
tion to reopen. *In re Xu Xui Gao*, No.
A099 023 587 (B.I.A. Oct. 23, 2012). We
assume the parties' familiarity with the
underlying facts and procedural history of
this case.

We review the BIA's denial of a motion
to reopen for abuse of discretion, mindful
of the Supreme Court's admonition that
such motions are " 'disfavored.' " *Ali v.
Gonzales*, 448 F.3d 515, 517 (2d Cir.2006)
(quoting *INS v. Doherty*, 502 U.S. 314,
322–23, 112 S.Ct. 719, 116 L.Ed.2d 823
(1992)). We review the BIA's factual find-
ings regarding country conditions under
the substantial evidence standard. *See
Jian Hui Shao v. Mukasey*, 546 F.3d 138,
169 (2d Cir.2008).

An alien must move to reopen within 90
days of the agency's final administrative
decision. 8 U.S.C. § 1229a(c)(7)(C); 8
C.F.R. § 1003.2(c)(2). Although Gao's mo-
tion was indisputably untimely because it
was filed more than three years after the
agency's final order of removal, *see* 8
U.S.C. § 1229a(c)(7)(C)(i), there is no time
limitation for moving to reopen "based on
changed country conditions arising in the
country of nationality or the country to
which removal has been ordered, if such
evidence is material and was not available
and would not have been discovered or
presented at the previous proceeding," 8
U.S.C. § 1229a (c)(7)(C)(ii); *see also* 8
C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determi-
nation that Gao failed to demonstrate ma-
terially changed country conditions excus-
ing the untimely filing of his motion to
reopen. The Country Reports submitted
demonstrate that unregistered churches in
China faced varying degrees of interfer-

ence with their religious practices since at least 2005–the date of the earliest Country Report filed in connection with Gao's 2007 merits hearing-and had not materially worsened between 2007 and 2011. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also In re S–Y–G–,* 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Gao's claim that the BIA "misconstrued" his motion also fails, since his conversion to Christianity was a self-induced change made after he was ordered removed and thus constitutes changed personal circumstances, as opposed to changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) ("A self-induced change in personal circumstances cannot suffice" to establish "changed country conditions").

Contrary to Gao's argument, the BIA did not abuse its discretion in discounting the unsworn letters submitted with Gao's motion to reopen. *See Matter of H–L–H & Z–Y–Z–,* 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from friends because they were written by interested witnesses not subject to cross-examination), *abrogated on other grounds by Hui Lin Huang v. Holder,* 677 F.3d 130 (2d Cir.2012). Further, these letters had no bearing on changed country conditions. *See In re S–Y–G–,* 24 I. & N. Dec. at 253. Accordingly, the BIA did not abuse its discretion in denying Gao's motion to reopen as untimely, and we must deny the petition for review. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti-tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).